UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU, | Case No. 2:23-cv-01200-KJM-JDP (PS) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| BANK OF AMERICA, *et al.*, | ECF No. 2 |
| Defendants. | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS |
| | ECF No. 1 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff filed a complaint purporting to assert claims against Bank of America, IXYS Long Beach, Inc., and the President of the United States, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim, and I will recommend that it be dismissed as frivolous. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

1

1    require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

2    662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

3    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

4    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

5    1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

6    give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

7    n.2 (9th Cir. 2006) (en banc) (citations omitted).

8        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

9    U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

10   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

11   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

12   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

13   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

14   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

15   **Analysis**

16       The complaint is largely unintelligible and fails to assert any cause of action. *See*

17   *generally* ECF No. 1. The complaint is made up of sentences that do not make sense. For

18   example, plaintiff writes, "[a] pink diamond creates as small as rice as O and creates as big as sky

19   and land and beyond and infinite bail, free, destroy, and remove Father of God and Mother of

20   Goddess out of debt and drop as small as rice as O profit, benefits, and share all around the

21   countries, countrywide, and return back to my country." *Id.* at 3.

22       With respect to defendant Bank of America, the complaint seems to suggest that

23   plaintiff's bank account was improperly closed, but plaintiff does not allege any cause of action

24   against Bank of America or provide a basis for subject matter jurisdiction. *Id.* at 1-2; 11-17.

25   More significantly, plaintiff filed a complaint with nearly identical allegations against Bank of

26   America in this court, and that complaint was dismissed without leave to amend for failure to

27   state a claim. *Chiu v. Bank of America*, 2:23-cv-01201-KJM-AC (PS) (Aug. 28, 2023 E.D. Cal)

28   (plaintiff's complaint dismissed without leave to amend).

1     The complaint fails to comport with Rule 8's requirement that it present a short and plain statement of plaintiff's claims. Fed. R. Civ. P. 8(a). Plaintiff names Bank of America; IXYS Long Beach, Inc.; and the President of the United States, Donald Trump, as defendants but asserts no discernable facts relating to them. Moreover, plaintiff's allegations against these defendants do not identify any actions taken by them that could support a claim for relief. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Plaintiff must allege with at least some degree of particularity overt acts of defendants that support his claims. *Id.*

    The operative complaint should be dismissed for failure to state a claim. Given the complaint's allegations, I find that granting plaintiff an opportunity to amend would not cure the complaint's deficiencies, and so I recommend that dismissal be without leave to amend.[1] *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted).

    Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

    Furthermore, it is hereby RECOMMENDED that:

    1. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

    2. The Clerk of Court be directed to close this matter.

---

[1] Plaintiff has filed other complaints resembling in some ways the instant complaint, and none have survived screening. *See Chiu v. Trump*, 2:22-cv-00764-KJM-AC (PS) (May 11, 2022 E.D. Cal) (plaintiff's complaint dismissed without leave to amend and with prejudice); *Chiu v. President of the United States*, 2:22-cv-00809-TLN-DB (PS) (Oct. 24, 2022 E.D. Cal) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Extra Storage Space*, 2:23-cv-00099-KJM-AC (PS) (Jan. 23, 2023 E.D. Cal) (plaintiff's complaint dismissed without leave to amend); *Chiu v. President of U.S.*, 2:23-cv-00098-KJM-JDP (PS) (July 11, 2023 E.D. Cal) (plaintiff's complaint dismissed without leave to amend).

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE